**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION NO. 13-63-1** |
| **v.** | : | |
| | : | |
| **EDDIE THOMAS** | : | **CIVIL ACTION NO. 18-1011** |
| | : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                    **May 31, 2018**

Defendant Eddie Thomas pleaded guilty to two counts of bank fraud in violation of 18

U.S.C. § 1344, two counts of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371,

and twelve counts of aggravated identity theft in violation of 18 U.S.C. § 1028A.[1]  The charges

relate to Defendant's participation in a scheme to obtain money from multiple banks by

executing fraudulent transactions against the bank accounts of others.  The Court sentenced

Defendant within the Sentencing Guidelines to 75 months of imprisonment[2] and ordered him to

pay $305,830 in restitution.  Defendant did not appeal his conviction or sentence.  Defendant

now seeks relief pursuant to 28 U.S.C. § 2255, asserting that his counsel, Joshua M. Briskin, was

ineffective.  However, Defendant's ineffectiveness claims are without merit, and his § 2255

motions will be denied without a hearing.

## I.    STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner

serving a sentence in federal custody may petition the court which imposed the sentence to

vacate, set aside, or correct the sentence by asserting that "the sentence was imposed in violation

---

[1] Defendant also pleaded guilty to aiding and abetting in violation of 18 U.S.C. § 2.

[2] Defendant's 75-month term of imprisonment included 51 months of imprisonment on the conspiracy and
bank fraud offenses and a consecutive 24 months of imprisonment on each the aggravated identity theft counts,
which were to run concurrently to each other.

of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[3]  Relief under AEDPA is extraordinary and "generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."[4]  Claims of ineffective assistance of trial and appellate counsel are properly raised in a § 2255 motion.[5]

## II.  DISCUSSION

The Sixth Amendment guarantees to each criminal defendant the effective assistance of counsel.  Whether counsel was ineffective is evaluated under the familiar guidelines of *Strickland v. Washington*.[6]  To prevail on an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[7]

Furthermore, "[a] defendant may withdraw a guilty plea based on ineffective counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable

---

[3] 28 U.S.C. § 2255(a).

[4] *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989) (citations omitted).

[5] *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

[6] 466 U.S. 668 (1984).

[7] *Id.* at 687.

under prevailing professional norms, [and that (2)] he suffered sufficient prejudice from his counsel's errors."[8]

Defendant's ineffectiveness claims against Mr. Briskin include allegations that he failed to secure all the Government's evidence, failed to "challenge the Government's aggravated identity theft evidence," failed to "recognize the instant case is a continuation" of Defendant's previous criminal case, failed to challenge proposed sentencing enhancements, and failed to file an appeal.[9] Mr. Briskin was appointed to represent Defendant on March 27, 2015, but that order was vacated on May 1, 2015. Thus, Mr. Briskin was listed as Defendant's counsel for approximately one month. On June 16, 2016, more than one year after Mr. Briskin's representation ended, the Government filed a Superseding Indictment against Defendant, to which he eventually pleaded guilty.

Defendant's ineffectiveness claims against Mr. Briskin for failing to secure all the Government's evidence and for failing to challenge the Government's aggravated identity theft evidence are meritless, since the evidence upon which Defendant's guilty plea and sentence rely are based on the Superseding Indictment filed more than a year after Mr. Briskin's representation concluded. Defendant also has not identified what type of evidence he contends was not obtained by counsel, nor has he explained how this allegedly unsecured evidence undermined confidence in his guilty plea and sentencing. In addition, Defendant's ineffectiveness claims against Mr. Briskin for failing to challenge the sentencing enhancements and failing to file an appeal have no merit, as Mr. Briskin did not represent Defendant at the time of sentencing or immediately thereafter. Instead, Mr. Briskin's representation ended more than twenty-one

---

[8] *United States v. Johnson*, 603 F. App'x 114, 118 (3d Cir. 2015) (internal quotation marks and citation omitted; alteration in original).

[9] *See* Pet.'s Mot.

months before Defendant was sentenced. Last, Defendant's ineffectiveness claim alleging that Mr. Briskin failed to recognize that the instant matter was a continuation of his previous criminal case is meritless. In the previous criminal case, Defendant was charged with and pleaded guilty to bank fraud, aggravated identity theft, and aiding and abetting in connection with his participation in a scheme to defraud PNC Bank and M&T Bank with his co-conspirator, L.T., in February of 2012.[10] The illegal conduct in this case, however, stems from a separate scheme to defraud dating back to 2009 and 2010, and involves other banks and different co-conspirators. The ineffectiveness claims against Mr. Briskin, therefore, do not provide a basis for § 2255 relief.

Even if the Court were to assume that Defendant intended to raise his ineffectiveness claims against his later attorney, his claims must be dismissed. After Mr. Briskin's representation ended, Trevan Borum was appointed and represented Defendant through his guilty plea and sentencing.

At the change-of-plea hearing, the Court questioned whether Defendant had any cause for dissatisfaction with Mr. Borum:

| | |
|---|---|
| The Court: | Have you reviewed with your attorney the charges that are filed against you in this indictment? |
| The Defendant: | Yes. |
| The Court: | And have you reviewed with him your trial rights and any defenses that you could bring to those charges? |
| The Defendant: | Yes. |
| The Court: | Do you feel you've had enough time to talk this matter over with Mr. Borum? |
| The Defendant: | Yes. |

---

[10] *See* Criminal Action No. 12-282.

| The Court: | So far has he done everything for you that you wanted him to do in this case? |
|---|---|
| The Defendant: | Yes. |
| The Court: | And are you satisfied with his assistance? |
| The Defendant: | Yes.[11] |

As previously noted, Defendant asserts that counsel failed to secure evidence from the Government or to challenge the aggravated identity theft evidence. However, the record demonstrates that Mr. Borum obtained all the evidence from the Government and conveyed this information to Defendant prior to his change-of-plea hearing.[12] There is nothing in the record to suggest that Mr. Borum was ineffective or that Defendant was prejudiced in this regard.

Defendant also contends that counsel was ineffective in failing to challenge proposed sentencing enhancements.[13] Specifically, Defendant asserts counsel did not challenge the total offense level of 23, which was used to calculate the applicable sentencing guideline range of 75 to 351 months' imprisonment.[14] Defendant, however, does not allege any facts suggesting that the total offense level was calculated incorrectly. In fact, the Court explained at the sentencing hearing that the total offense level and sentencing enhancements were proper, given circumstances such as Defendant's role as a leader in the scheme and the large number of victims involved.[15] Rather than make a meritless argument at sentencing regarding the assertion that the total offense level was calculated incorrectly, it was reasonable for Mr. Borum to instead argue at

---

[11] October 12, 2016 Hearing Tr. at 9-10.

[12] *Id.* at 44-45.

[13] Pet.'s Mot. at 18.

[14] *Id.*

[15] February 8, 2017 Hearing Tr. at 30-33

length for downward variances in Defendant's sentence based upon his previous sentence and his conduct after being released from custody.[16] Considering counsel's arguments, the Court sentenced Defendant to 75 months' imprisonment, which was the lowest term of imprisonment within the applicable guidelines range. Defendant's ineffectiveness claim regarding sentencing enhancements is without merit.

Last, Defendant contends counsel was ineffective in failing to file an appeal. Pursuant to the plea agreement, Defendant waived his appellate rights except for four limited circumstances: (1) where the sentence imposed "on any count of conviction exceeds the statutory maximum for that count," (2) where Defendant seeks to challenge a decision by the Court to impose an "upward departure" pursuant to the sentencing guidelines, (3) where Defendant seeks to challenge a decision to impose an "upward variance" above the final sentencing guidelines range determined by the Court, and (4) where an attorney who represented Defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.[17] Generally speaking, ineffective assistance of counsel claims are brought pursuant to § 2255, rather than on direct appeal, which Defendant has done here. Moreover, as discussed above, Defendant's ineffectiveness claims are without merit. The Court concludes that there has been no showing of prejudice to Defendant or a miscarriage of justice.[18]

---

[16] *Id.* at 8-9, 14-21.

[17] Plea Agreement at ¶ 9(b).

[18] Any ineffectiveness claim against Mr. Borum for an alleged failure to recognize that the instant matter was a continuation of his previous criminal case is also meritless. At the change-of-plea hearing, Mr. Borum not only recognized that the previous criminal case was distinct but also explained that he would be arguing at sentencing that the circumstances of the previous case should be grounds for a downward variance at Defendant's sentencing. October 12, 2016 Hearing Tr. at 16-18.

## III.   CONCLUSION

Upon careful consideration of the parties' submissions and the record in this case, the

Court concludes that Defendant's § 2255 motions will be denied without a hearing.[19]  Because

Defendant has not made a substantial showing of the denial of a constitutional right, a certificate

of appealability shall not issue.[20]  An appropriate order follows.

---

[19] "In evaluating a federal habeas petition, a District Court must hold an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]'" *United States v. Kenley*, 440 F. App'x 78, 80 (3d Cir. 2011) (citation omitted; alterations in original).  If the record as a whole "conclusively show[s] that the prisoner is entitled to no relief," a court is not required to hold an evidentiary hearing.  *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988) (quoting *Gov't of the V.I. v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984)) (internal quotation marks omitted).  Here, the Court has assumed the truth of the facts set forth in Defendant's motion and finds that the record as a whole conclusively establishes that Defendant is entitled to no relief.

[20] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).